WISE A. COOPER, Executor, *v.* THE MURFREESBORO
SAVINGS BANK and W. A. HENDERSON.

CHANCERY PRACTICE. *Advanced bid. Right of redemption.* Land
which had been conveyed to a trusttee to secure a debt,
and had also been mortgaged to another creditor, was sold
under execution in favor of a prior judgment creditor, and
was bought by the mortgagee, who, within twenty days, ad-
vanced his bid and credited his mortgage with such advanced bid.
The creditor secured by the deed of trust, within two years tendered
to the mortgagee the sum actually paid at the execution sale, with
interest, and complied with the laws regulating the redemption of
land, sold under judicial process, but the mortgagee demanded the
amount of his advanced bid in addition. *Held,* that as between the
trustee and the mortgagee, the latter could demand only the sum ac-
tually paid by him to the Sheriff, and could not, by advancing his bid,
secure the satisfaction, in whole or in part, of a debt not fixed as a
lien, to the injury of the trustee, who had a superior right.

Case approved: *Toombs* v. *Palmer,* 4 Heis., 331.

FROM RUTHERFORD.

Appeal from Chancery Court.    A. S. MARKS, Ch.

BURTON & CANNON for complainant.

AVENT & CHILDRESS for the Bank.

BAILEY, J., delivered the opinion of the court.

On the 17th March, 1869, the defendant Hender-
son, being indebted to Joseph Lindsay, the complain-
ant's testator, conveyed to one Mitchell a tract of
land, lying in Rutherford county, containing ninety-
nine acres, and empowered him to sell the land and
apply the purchase money to the payment of the debt.
The decree was registered on the same day.

Two days thereafter Henderson executed to the Murfreesboro Savings Bank a mortgage to secure a considerable indebtedness due from him to the bank, and thereby conveyed several hundred acres of land, including the ninety-nine acres before mentioned. This mortgage recites that it is "made subject to the rights of J. H. Mitchell, the trustee, under deed dated 17th March, 1869, registered in the Register's office of Rutherford county."

Before this, one Bass had recovered a judgment in the Circuit Court for Rutherford county against Henderson, and the latter brought the case by appeal to the Supreme Court of the State, where the judgment was affirmed in February, 1870. *Fi fa* issued to the Sheriff of Rutherford county, who levied upon the ninety acres of land conveyed to Mitchell, and on the 4th of June, 1870, sold it to the Murfreesboro Savings Bank, the price bid being the sum of the debt and costs.

The bank, within twenty days from the purchase, advanced its bid to the sum of $3,300 dollars, crediting its mortgage with that sum.

Lindsay died, and complainant, who was appointed executor to his will, having required the trustee Mitchell to sell the land under and according to the terms of the deed of trust, became the purchaser of the property, but, so far as the record shows, has not received a deed.

But on the 30th May, 1872, less than two years after the date of the Sheriff's sale, complainant Cooper tendered to the bank the sum bid and paid by it,

with interest, and in all respects complied with the law regulating the redemption of land sold under judicial process. The bank, however, refused to receive the money and execute a conveyance, claiming that it had the right to demand not only the sum paid by it, with interest, but also the $3,300, the amount of the advanced bid.

Complainant thereupon brought this bill to recover the land.

The trustee Mitchell, in virtue of the deed of the 17th March, 1869, acquired the legal title to the land for the purposes mentioned in the deed, but inasmuch as it was executed after the judgment was recovered by Bass, his rights were subordinate to the rights of Bass to enforce the lien of the judgment by sale. But subject to this exception, the right of the trustee was complete, and, for the purposes of the trust, superior to the right of the debtor Henderson and his creditors. Henderson could not have sold the equity of redemption to the prejudice of Mitchell, to whom he had conveyed his title and interest in the land; nor do we think that one of his creditors, because of the relation of creditor and debtor between them, could possess or exercise any right as respects the property denied to him by law. If he had redeemed the property, he would have held it subject to the terms and upon the trusts set forth in the deed to Mitchell; his creditor, whose claim is derivative, can occupy no better position.

It follows, that as between itself and Mitchell, the bank could demand only the sum actually paid by it

t ) the Sheriff, and could not, by advancing its bid, secure the satisfaction, in whole or in part, of a debt not fixed as a lien, to the injury of one who had a superior right.

The case of *Toombs* v. *Palmer,* 4 Heis., 331, is in harmony with the views we express, and with the conclusion we have reached. That was a case where a creditor, by a trust deed, bought the land at a sale made by the trustee, and within twenty days advanced his bid. The assignee of the debtor, who had been duly declared a bankrupt before the sale made by the trustee, sold the equity of redemption to another, and the latter contested the right of the creditor to advance the bid. The court held, however, that "by the express provision of the statute the amount advanced by the purchaser upon his bid was as much a part of the price paid for the land as the amount bid at the sale, and the title could not be divested out of him except by the payment of both sums."

Now, if at the sheriff's sale the bank had bid, not only the amount of the judgment debt and costs, but also the $3,300, which it afterwards credited upon the debt due to it, to whom would the money have belonged. Clearly to Mitchell, to the extent of the sum due to Lindsay.

We, therefore, reverse the Chancellor's decree, but for the reason that the sale by Mitchell to Cooper was made at a time when Mitchell's rights were seriously controverted, and the property, in consequence of this controversy, sold for less than its value, we direct that the Bank of Murfreesboro shall either pay

to complainant the sum due to him, with interest, or, at its option, may convey the land to Mitchell, the trustee, upon payment of the sum bid at the sheriff's sale, with interest.